(30 Misc. Rep. 215.)

PEOPLE ex rel. ENGLIS et al. v. FEITNER et al., Commissioners of Taxes.

(Supreme Court, Special Term, Kings County. January, 1900.)

TAXATION—BANKS—STOCKHOLDERS—SHARES—DOUBLE TAXATION.

Tax Law, § 13, provides that bank stockholders shall be taxed on the value of their shares; and, there being no exception to the rule elsewhere in the tax law, it is proper to tax the shares of a bank, irrespective of the fact that its assets consist in part of railway shares, also taxable.

Certiorari, to review an assessment of bank shares, by the people, on the relation of Charles M. Englis and others, stockholders of the Wallabout Bank of Brooklyn, against Thomas L. Feitner and others, tax commissioners. Relators claimed that the assessment should be reduced because certain shares of railroad stock, forming part of its capital and surplus, were also taxed. Denied.

Lamb & Johnson (Jesse Johnson, of counsel), for relators.

John Whalen, Corp. Counsel (George S. Coleman, of counsel), for respondents.

SMITH, J. Undoubtedly the effect of the assessment made by the defendants upon the value of the bank shares held by the relators is to impose double taxation, not on the relators for the same property, but on the property itself. Such double taxation, however, is within the power of the legislature, and, if such power is ex-

plicitly conferred upon the defendants by the statute, the relators are remediless. Tax Law, § 13, provides as follows:

"Stockholders of Bank Taxable on Shares. The stockholders of every bank or banking association organized under the authority of this state or of the United States, shall be assessed and taxed on the value of their shares of stock therein.   *   *   *"

Unless there is some definite qualification of or exception to the rule laid down by this statute to be found elsewhere in the tax law, I think that it was the duty of the defendants to assess the shares of the relators in the Wallabout Bank at their fair value, irrespective of the character of the assets owned by the bank, whether such assets are taxable or nontaxable. I am unable to discover any such qualification or exception in the tax law. It seems to me that if any such were intended to be made, in a matter of such great importance, it would be made definitely and specifically, and not be left to doubtful inference. I cannot concur with the counsel for the relators that such inference is permissible under the provision of the tax law. His argument is able and ingenious, but he has failed to convince me that the remedy he seeks should not be furnished by the lawmaking power.

Motion denied.